Smith, J.
delivered the opinion of the court.
This was an indictment for a misdemeanour. The defendant pleaded not guilty, issue was joined on the plea, and a jury was empanneled to try the issue. Three witnesses were examined before the jury on behalf of the prosecution. The defendant not producing any evidence in her defence, tendered a demurrer to the evidence so adduced on behalf of the prosecution. The attorney for the Commonwealth declining to join in the demurrer, the defendant moved the court to compel the attorney for the Commomoealth to, join in the demurrer, but the court refused so to do, and overruled the motion. To such refusal, the defendant took a bill of exceptions. This refusal is one of the errors assigned in the petition for a writ of error.
*559 The defendant also took another bill of exceptions to the judgment of the court, setting out the following circumstances: The attorney for the Commonwealth, after having read the indictment to the jury, “ explained to them the character of the prosecution, and the plea filed by the defendant, and the nature of the evidence, and the facts that the Commonwealth expected to prove before them.” He then proceeded to examine the evidence on behalf of the prosecution, and having closed the examination for the prosecution, the defendant offered no evidence in her defence, but claimed the right to open and conclude the argument before the jury. This being resisted by the attorney for the Commonwealth, the question was referred to the court, and the court decided, that the attorney for the Commonwealth had the-right to open and conclude the argument before the jury. This decision of the court constitutes the second error assigned in the petition for a writ of error.
As to the first error assigned, it seems to have been long settled in England, that in a criminal prosecution the crown officer was not bound to join in a demurrer to evidence tendered by the defendant. See 1 Chilly's Cr. Law, p. 623, (marginal paging). If such a practice ever prevailed in England to any extent, it has become obsolete there, and the practice never existed here. Independent of the force of the English authorities adverse to such a practice, other reasons exist why it ought not to prevail. One of the safeguards thrown around the citizen charged with crime, is the right to claim the benefit of every doubt arising from the evidence. But on a demurrer to evidence, a different rule prevails, and the evidence is to be taken most strongly against the demurrant. And this is not all. The jury in a criminal cause are the judges of the law and the evidence. A demurrer to the evidence withdraws from the jury a decision upon the facts, and throws the decision upon the court, who are to decide, not as a jury should, by *560 giving to the accused the benefit of every doubt, but e^eci to §ive t0 prosecution the benefit of such doubts. If it be true, that the accused may waive the right of having his cause tried by the jury, and submit the question of his guilt or innocence to the court, the right should be mutual, and the Commonwealth might, in all cases, withdraw the question of guilt or innocence of the accused from the jury. If so, what would become of the right of peremptory challenge, and to a speedy trial by an impartial jury of his vicinage ? His right of peremptory challenge is a barren right, and instead of the right to a trial by “ an impartial jury of his vicinage,” he must be tried by the court.
This court is of opinion, that it would be subversive of the sacred principle of jury trial in criminal causes to permit either the party accused, or the Commonwealth, except by mutual consent, to withdraw by a demurrer to. evidence, the trial of the cause from the jury to the court; and that, therefore, there was no error in the , judgment of the court below, in refusing to order a joinder in the demurrer to evidence in this cause.
It was contended in the argument for the petitioner, that it became the ex officio duty of the court below, upon refusing to compel a joinder in the demurrer to evidence, to have instructed the jury to find the facts specially. It is true, that the jury may find a special verdict, but they are not bound to do so, and if instructed by the court to find a special verdict, they may disregard the instruction and find a general verdict. It would seem, therefore, to be supererogatory to compel the court to give an instruction that the jury are not bound to regard. In a proper case, however, the court, in its discretion, will always advise the jury to find a special verdict.
As to the second error assigned, this court is of opinion, that as a general proposition, as well in criminal as in civil causes, the party having the affirmative of *561 the issue, has the right to open and conclude the argument before the jury; and that the reason of the rule applies most forcibly in criminal causes, arising from the familiar and sacred principle in criminal jurisprudence, that every person accused of crime is presumed to be innocent until his guilt is clearly proved. The burden, therefore, of establishing the guilt of the accused, devolves upon the prosecutor, and of necessity draws to it the right to open and conclude the argument before the jury. This court is, therefore, of opinion, that there was no error in the judgment of the court below in deciding that the attorney for the Commonwealth, in this case had the right to open and conclude the argument before the jury.
Judgment affirmed.